WILLIAM J. DILLER ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF STONE HARBOR ET AL., DEFENDANTS.

Submitted October 4, 1938—Decided January 28, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Charles A. Bonnell* and *Robert K. Bell.*

For the defendants, *Lewis T. Stevens.*

PER CURIAM.

On or about February 28th, 1938, prosecutors applied to the building inspector of the borough of Stone Harbor for a permit to erect a gasoline service station at the southeast corner of Ninety-sixth street and Third avenue in said borough. The building inspector refused to grant the permit. Thereupon prosecutors appealed to the borough council to grant the permit. The council, on March 12th, 1938, adopted a resolution approving the action of the building inspector in refusing the permit.

*Certiorari* to review such action was allowed on May 11th, 1938, upon the return of a rule to show cause signed on March 18th, 1938.

Respondents urge that the writ should be dismissed because prosecutors failed to appeal to the Board of Adjustment. Prosecutors assert that there was no duly constituted Board of

Adjustment and we think it doubtful if there was. In any event, appeal was taken to the governing body and relief was refused, and in the circumstances we conclude that the writ should not be dismissed on this ground.

From the testimony it appears that almost the entire borough of Stone Harbor is zoned for residential or business uses and that, in such zones, gasoline service stations are forbidden. It appears that there are only two such business places in the borough. In the zoned area less than five blocks extending from the bay to a point between First and Second avenues and from Eightieth street to Eighty-second street is unrestricted for gasoline stations. The zoned area for residential and business purposes extends from Eighty-second street to One Hundred and Twentieth street and from the bay to the Atlantic ocean. It appears, therefore, that almost the entire zoned area is closed to gasoline service stations.

It further appears that the prosecutors seek a permit for such building at a point in the business zone where there would be no interference with the business of others and where it is logical to permit such a business.

The proofs satisfy us that the refusal is capricious and arbitrary, and results in a deprivation of reasonable use of prosecutors' property. It seems clear that the restriction does not bear a substantial relation to the public health, safety, morals or general welfare. *Gabrielson et al.* v. *Borough of Glen Ridge,* 13 *N. J. Mis. R.* 142.

The action of the building inspector and the borough council declining to grant the permit sought is set aside, with costs.